UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDY REDD SPARKS,
        Petitioner,

                                        Case No. 2:12-cv-10309
v.                                       Honorable Patrick J. Duggan

STEVEN RIVARD,
        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Andy Redd Sparks ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his sentence for first-degree retail fraud in violation of Michigan Compiled Laws § 750.356. For the reasons stated below, the Court holds that Petitioner is not entitled to habeas relief.

**I.  Background**

In the Circuit Court for Montcalm County, Michigan, Petitioner was charged in two separate cases with two separate criminal offenses. In Case No. 09-11390-FH, Petitioner was charged with resisting and obstructing a police officer. In Case No. 09-11391-FH, Petitioner was charged with first-degree retail fraud.

On February 20, 2009, Petitioner pleaded guilty to both charges pursuant to a plea agreement in which the prosecutor agreed to dismiss several additional charges and an

1

habitual offender enhancement. The parties also agreed that Petitioner's sentence would not exceed twelve months.

On April 16, 2009, the trial court sentenced Petitioner to twelve months in jail on the resisting and obstructing a police officer conviction in Case No. 09-11390-FH. Petitioner was sentenced on the first-degree retail fraud conviction to five years probation, with ten days in jail, with credit for the ten days that had already been served. Petitioner's sentencing guidelines on the first-degree retail fraud conviction were fourteen to twenty-nine months.

On November 30, 2009, Petitioner's probation officer filed a Petition and Order for Amendment of Order of Probation, in which she indicated that Petitioner had completed a Cognitive Behavior Program at the Montcalm County Jail and was thus eligible for a sixty day reduction in his twelve month jail sentence. Petitioner was released from jail the next day.

On July 22, 2010, Petitioner appeared in court after being charged with violating multiple conditions of his probation on the first-degree retail fraud conviction. Petitioner ultimately pleaded guilty to violating the terms of his probation. Prior to entering his plea, the judge advised Petitioner that he was facing a likely prison term of eighteen months if he was convicted of violating the terms of probation. (7/22/10 Tr. at 5-6.) After accepting Petitioner's plea to the probation violation charges, the judge revoked Petitioner's probation and re-sentenced him on the original charge of retail fraud to a prison term of eighteen months to five years. The judge indicated that he was not

imposing a higher sentence only because Petitioner had already served twelve months in jail on the resisting and obstructing conviction. (*Id.* at 17.)

Petitioner's probation violation sentence was affirmed on appeal. *People v. Sparks,* No. 305219 (Mich. Ct. App. Sept. 16, 2011), *leave denied*, 490 Mich. 974, 806 N.W.2d 743 (2011).

Petitioner filed the pending habeas corpus petition, signed and dated January 11, 2012, in which he asserts a single ground for relief:

> I.   Defendant is entitled to jail credit for all days served in between his sentence date and release from custody.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of

law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519-20 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409, 120 S. Ct. at 1521.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11, 120 S. Ct. at 1522.

### III.  Analysis

Petitioner claims that under Michigan law the twelve months that he spent in the county jail on the resisting and obstructing conviction should have been credited against his prison sentence for first-degree retail fraud.

A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a).  Therefore, violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable claims under Section 2254.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480.

A prisoner has no right under the federal constitution to earn or receive sentencing credits.  *See Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett*, 980 F. 2d 1059, 1062 (6th Cir.1992)).  Because Petitioner's claim

4

challenges the interpretation and application of state crediting statutes, the claim is not cognizable on federal habeas review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *See also Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008).

Moreover, Michigan's jail credit statute does not credit prisoners with time served for unrelated offenses*, see* Mich. Comp. Laws § 769.11b; *People v. Prieskorn*, 424 Mich. 327, 344, 381 N.W.2d 646 (1985); and Petitioner seeks credit for the time served on the resisting and obstructing a police officer charge which was unrelated to his first-degree retail fraud case. That Petitioner pleaded guilty to the resisting and obstructing charge as part of the same plea bargain in which he pleaded guilty to the first-degree retail fraud charge does not change the result because the offenses were unrelated. *See People v. McKnight,* 165 Mich. App. 66, 68-70, 418 N.W.2d 402 (1987). Because Michigan law does not create a right to the sentencing credit that Petitioner seeks, his claim is not cognizable on habeas review.

## IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis

28 U.S.C. § 2253 governs appeals in § 2254 proceedings. Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th Cir. 1997). Furthermore, Federal Rule of Appellate Procedure 22(b) states: "If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue." *See also Kincade v. Sparkman*,

117 F.3d 949, 953 (6th Cir. 1997) (holding that Rule 22(b) requires district courts to make the initial determination of appealability). In granting a certificate of appealability, the Court must indicate the specific issue or issues for which the applicant made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

For the reasons stated above, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Moreover, the Court believes that any appeal would be frivolous and therefore it is denying Petitioner leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability and leave to appeal *in forma pauperis.*

Dated: **October 23, 2012**  s/PATRICK J. DUGGAN
 UNITED STATES DISTRICT JUDGE

Copies to:
Andy Redd Sparks, #721922
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

AAG Laura A. Cook